UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

KIMBERLY GOTTLIEB, formerly known
as Kimberly Akers,
             *Plaintiff-Appellant,*

v.

BOWL AMERICA, INCORPORATED; THE
BOWL AMERICA, INCORPORATED
EMPLOYEES' PROFIT SHARING PLAN;
THE BOWL AMERICA, INCORPORATED
1987 STOCK OWNERSHIP PLAN,
             *Defendants-Appellees.*

No. 03-1248

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-00-1342-A)

Argued: January 21, 2004

Decided: March 5, 2004

Before WILKINS, Chief Judge, and NIEMEYER
and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Mary Ann Kelly, Fairfax, Virginia, for Appellant. Steven
David Stone, Alexandria, Virginia, Paul E. Parrish, HOLLAND &
KNIGHT, L.L.P., Tampa, Florida, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Kimberly Gottlieb (formerly Kimberly Akers) appeals district court orders granting judgment to Bowl America, Inc. and two of its employee benefit plans* on various claims arising out of Gottlieb's employment with Bowl America. Finding no error, we affirm.

I.

Gottlieb began working for Bowl America in 1976, and she was promoted to manager of the company's Dranesville, Virginia bowling center in July 1996. In November 1996, Gottlieb injured her back at work; she reaggravated that injury in December 1997. Between December 1997 and August 1998, Gottlieb took extensive leave for her medical condition, working a reduced schedule or not at all. In August 1998, following an extended absence for surgery, Gottlieb returned to work as manager of Bowl America's Chantilly, Virginia bowling center.

In October 1998, Gottlieb reinjured her back and informed Bowl America that she needed to take some time off. Bowl America granted this request but informed Gottlieb's attorney that the company would have to fill Gottlieb's position at the Chantilly center. However, Bowl America further informed Gottlieb's attorney that "[a]s soon as Ms. [Gottlieb] is able to return to work, we will be prepared to meet with you to discuss an appropriate position and necessary accommodations for your client." J.A. 584 85. Gottlieb subsequently notified Bowl America that her doctor had authorized her to return to work on October 26, but she requested permission to take vacation time through November 8. Although Bowl America

---

*We refer to Bowl America and the employee benefit plans collectively as "Appellees."

granted Gottlieb's request and paid her for her vacation time, Gottlieb never attempted to return to work at Bowl America. Gottlieb accepted a position with another company soon after completing her vacation.

Gottlieb subsequently filed this action alleging, *inter alia*, that Bowl America (1) violated her rights under the Family and Medical Leave Act of 1993 (FMLA), *see* 29 U.S.C.A. §§ 2601-54 (West 1999 & Supp. 2003); (2) discriminated against her in violation of the Americans with Disabilities Act of 1990 (ADA), *see* 42 U.S.C.A. § 12112 (West 1995); and (3) retaliated against her for reporting alleged sexual harassment by her supervisor, in violation of Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C.A. § 2000e-3(a) (West 2003). Gottlieb later amended her complaint to allege violations of the Employee Retirement Income Security Act of 1974 (ERISA), *see* 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2003), in connection with unpaid benefits allegedly owed to her under Bowl America's employee benefit plans.

The district court granted summary judgment to Bowl America on Gottlieb's FMLA, ADA, and Title VII claims. The court held that Bowl America had met its obligations under the FMLA by allowing Gottlieb to take the leave she requested and by restoring her to an equivalent position upon her return to work in August 1998. Further, the court determined that Gottlieb was not terminated following her injury in October 1998 but instead abandoned her employment with Bowl America. The court also rejected Gottlieb's ADA claim because Bowl America provided her with every accommodation she requested and did not terminate her or otherwise discriminate against her. Lastly, the district court rejected Gottlieb's Title VII claim, finding that there was no evidence that Bowl America retaliated against her for complaining about sexual harassment by her supervisor.

Following a bench trial on Gottlieb's ERISA claims, the district court entered judgment in favor of Appellees on Gottlieb's claims relating to lack of notice and breach of fiduciary duty, finding that Appellees provided all required disclosures to Gottlieb and did not breach any duty in responding to her claim for benefits. After staying Gottlieb's claim for unpaid benefits pending her exhaustion of administrative remedies, the district court granted summary judgment to Appellees on that claim, concluding that Gottlieb was not entitled to

benefits for the relevant years because she had not worked the minimum number of hours required for eligibility.

## II.

After reviewing the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. *See Akers v. Bowl America, Inc.*, No. 00-1342-A (E.D. Va. June 12, 2001); *Akers v. Bowl America, Inc.*, No. 00-1342-A (E.D. Va. July 3, 2001); *Akers v. Bowl America, Inc.*, No. 00-1342-A (E.D. Va. Jan. 21, 2003).

*AFFIRMED*